UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TRINA JENKINS, et al.,<br><br>            Plaintiffs,<br><br>  v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>            Defendant. | CASE NO. C15-5508 BHS<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiffs' motion for reconsideration. Dkt. 83. The Court denies the motion.

Plaintiffs first move for reconsideration on the basis that the Court erred in refusing to consider the expert report of Dr. Siskin. Dkt. 83 at 2–8. To the contrary, the Court considered and accepted all of the substantive and relevant information contained in Dr. Siskin's report. As noted by Plaintiffs, the motion for class certification did not require damages to be shown to a high level of precision, *see* Dkt. 83 at 3. Accordingly, the Court denied Defendant's motion to exclude Dr. Siskin's report. Perhaps Plaintiffs' arguments seek to challenge the Court's comments on the value of Dr. Siskin's report

moving forward absent an updated study underlying his linear regression analysis, but this does not constitute a basis for reconsideration of the Court's order denying class certification.

Plaintiffs' additional arguments regarding the predominance and superiority inquiries on its motion for class certification are merely a restatement of the arguments made in their original motion and pleadings. These arguments do not point to any particular evidence that was overlooked or manifest error by the Court and do not constitute grounds for reconsideration. Nonetheless, the Court will address Plaintiffs' repeated reliance on *Moeller v. Farmers Ins. Co.*, 173 Wn.2d 264, 280 (2011). Plaintiffs are correct that the decision in *Moeller* rejected the argument that apparent difficulties in assessing an accurate estimate of class-wide damages resulting from possible prior accidents should preclude class certification. However, this case is easily distinguished from *Moeller*. As noted in the Court's previous order, cases such as this where an insurer has claim-filing procedures and recognizes its duty to compensate diminished value claims stand in stark contrast to the circumstances in *Moeller,* where the insurer necessarily denied compensation to all its insureds with UIM policies on the mistaken basis that diminished value was not covered. *See Moeller*, 173 Wn.2d at 269–77. Moreover, Plaintiffs' argument regarding the Court's purported error in mistaking issues of damages calculations for issues that bear on liability fails to address other bases of the Court's determination that common questions do not predominate the claims of the individual class members. *See* Dkt. 82 at 19–21.

Therefore, it is hereby **ORDERED** that Plaintiffs' motion for reconsideration (Dkt. 83) is **DENIED**.

Dated this 14th day of February, 2018.

BENJAMIN H. SETTLE
United States District Judge