UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TRINA JENKINS, et al.,<br><br>                Plaintiffs,<br><br>    v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>                Defendant. | CASE NO. C15-5508 BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

This matter comes before the Court on Defendant State Farm Automobile Insurance Company's ("State Farm") motion for partial summary judgment. Dkt. 60. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion in part and denies it in part for the reasons stated herein.

## I. PROCEDURAL HISTORY

On July 23, 2015, Plaintiff Trina Jenkins ("Jenkins") filed her complaint in this action. Dkt. 1. On February 23, 2016, Plaintiffs Jenkins, Charles Van Tassel ("Van Tassel"), and Jeremy Plank ("Plank) (collectively "Plaintiffs") filed an amended complaint adding claims from Van Tassel and Plank. Dkt. 28. On August 16, 2016, the

Court issued a scheduling order establishing deadlines for the disclosure of expert testimony, motions to exclude expert testimony, and motions for class certification. Dkt. 33. On October 14, 2016, Plaintiffs timely filed their disclosure of expert witnesses. Dkt. 34.

On September 5, 2017, State Farm moved to exclude the testimony of Siskin and Toglia. Dkts. 42, 44. On September 6, 2017, Plaintiffs filed their motion for class certification. Dkt. 48. The Court has already entered an order denying State Farm's motions to exclude and denying Plaintiff's motion to certify. Dkt. 82.

On October 10, 2017, State Farm also moved for partial summary judgment. Dkt. 60. On December 4, 2017, Plaintiffs responded. Dkt. 72. On January 3, 2017, State Farm replied and moved to strike Plaintiffs' response as untimely. Dkt. 78.

## II. FACTUAL BACKGROUND

### A. Plaintiff Van Tassel's Claim

On January 14, 2015, Plaintiff Van Tassel's vehicle was rear ended by an underinsured motorist. Dkt. 56-1 at 129. The same day, Plaintiff Van Tassel reported the accident to State Farm. *Id.* On January 30, 2015, Plaintiff Van Tassel informed State Farm that he "want[ed] diminished value" to be covered in his Underinsured Motorist ("UIM") claim. *Id.* at 133.

As a result of the accident, Plaintiff Van Tassel's vehicle required over $16,000 in repairs, which was paid for in part by the at-fault driver's insurance while the rest was paid for under Plaintiff Van Tassel's policy with State Farm for UIM coverage. Dkt. 56-1

at 129–30; Dkt. 49-22 at 4; Dkt. 49-23 at 8, 13; Dkt. 56-1 at 129. The repairs included body and frame repairs. Dkt. 49-23 at 3–5, 10.

After the vehicle went through initial repairs, Plaintiff Van Tassel began to notice paint flakes on the repaired portion of the vehicle and a vibration while driving. Dkt. 56-1 at 13, 26. After these problems surfaced, Plaintiff Van Tassel requested that State Farm conduct an additional inspection to make sure there was no remaining unrepaired damage, but State Farm refused. Dkt. 49-22 at 6. While it is clear that State Farm handled Plaintiff Van Tassel's accident as a UIM claim, State Farm noted the record lacks any indication that he submitted a specific claim for diminished value with accompanying documentation.

**B.      Plaintiff Plank's Claim**

On June 3, 2015, Plaintiff Plank was in a collision caused by an at-fault driver who turned into his lane of traffic in front of him. Dkt. 56-1 at 30. After the accident, Plaintiff Plank discussed diminished value coverage via phone call with the State Farm insurance agency where he obtained his policy, however he never discussed diminished value with a State Farm representative handling his claim. *See id.* at 35. The at-fault driver's insurer handled Plaintiff Plank's claim, including approximately $19,000 in repairs. *Id.* at 188.

In a letter dated October 21, 2015, Plaintiff Plank informed State Farm of his pending settlement offer from the at-fault driver's insurer in the amount of the at-fault driver's policy limit. Dkt. 56-1 at 154. In the letter, Plaintiff Plank offered State Farm ten days in which to purchase Plaintiff's cause of action against the at-fault driver for the

remaining sum under the applicable policy limit, "so as not to prejudice [State Farm's] right of subrogation." *Id.* The letter also indicated that Plaintiff Plank would be making a UIM claim for the remaining balance of the diminished value of his vehicle after he received a response from State Farm. *Id.* Attached to the letter was a statement from a Ford dealer estimating Plaintiff Plank's loss in diminished value at approximately $10,000. *Id.* at 153–54.

Ultimately, Plaintiff Plank accepted the settlement payment from the at-fault driver's insurer. *Id.* at 52. In an entry dated November 27, 2015, State Farm's claim file indicates the letter was received and that the person making the entry requested a return call be made to Plaintiff Plank's attorney to determine whether he had indeed settled his diminished value claim with the at-fault driver's insurer. *Id.* at 150. The record does not reflect whether this return call was ever made or whether Plaintiffs' attorney responded. It does not appear that any further request or information was submitted to State Farm by Plaintiff Plank after the letter dated October 21, 2015.

**C.     Plaintiff Jenkins's Claim**

On June 20, 2014, Jenkins was in a car accident in which an uninsured driver collided with her vehicle after failing to obey a stop sign. Dkt. 61-1 at 76–80. Jenkins tendered an insurance claim to State Farm that day. *Id.* at 68.

By October 2014, the estimated cost of repair for Jenkins's vehicle was over $16,000. Dkt. 61-1 at 69. After the vehicle was repaired, it was observed that there was a gap around the sunroof that could not be repaired. *Id.* at 73–75. It was also noted by Jenkins that the windshield continued to "rattle." *Id.* In August, 2015, State Farm

ultimately decided that Jenkins's car was a total loss because of additional structural repairs that would need to be performed on the vehicle's sunroof area. *Id.* at 86–87. Accordingly, State Farm paid $25,451.71 to Jenkins, which included the pre-loss actual cash value of her vehicle. *Id.* at 88.

### III.  DISCUSSION

**A.  Motion to Strike**

State Farm moves to strike Plaintiffs' response on the basis that it was untimely filed. Dkt. 78. *See* W.D. Wash. Local Rule LCR 7(d)(3). The Court denies the motion. State Farm has not shown any prejudice resulting from Plaintiffs' untimely response. Moreover, a motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose violates a local rule. *See Henry v. Gill Industries*, 983 F.2d 943, 950 (9th Cir. 1993) (citations omitted). The moving party must still demonstrate the absence of genuine issues of material fact, regardless of whether the party against whom the motion for summary judgment is directed has filed any opposition. *Id.*; *Cristobal v. Seigel*, 26 F.3d 1488, 1491 (9th Cir. 1994). To strike Plaintiffs' response would serve no purpose in this instance and would simply further burden the Court, where the materials cited by the Plaintiffs in opposition to summary judgment are, for the most part, already on the record.

**B.  Motion for Summary Judgment**

State Farm has moved for partial summary judgment. Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant

is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial—e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory,

nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990).

State Farm argues for summary judgment on three grounds. First, State Farm argues that it is entitled to summary judgment on Jenkins's claims because her insurance claim was eventually processed as a total loss. Second, State Farm argues that it is entitled to summary judgment on Van Tassel's claims because he cannot provide any evidence to show that his vehicle suffered from diminished value. Third, State Farm moves for summary judgment on the basis that Plaintiffs cannot recover damages for a diminished value calculation that fails to disaggregate the market value reduction resulting from either the worsened physical condition of the subject vehicles or the vehicles' post-accident "stigma."

**1.     Jenkin's Claims**

State Farm has moved for summary judgment on Jenkins's claims on the basis that her vehicle was totaled for its pre-loss value and therefore cannot have suffered any diminished value. Indeed, the record shows that Jenkins received the entire pre-loss value of her vehicle in response to her claim. Dkt. 61-1 at 86–88. Jenkins does not offer any argument or evidence in opposition to this aspect of State Farm's motion. The Court finds that Jenkins cannot show that she suffered a loss from any diminished value to her vehicle which was totaled and State Farm is therefore entitled to summary judgment on her claims.

### 2. Van Tassel's Claims

State Farm also moves for summary judgment on Van Tassel's claims on the basis that Van Tassel cannot support his claim with evidence that his vehicle has suffered from diminished value. To the contrary, Van Tassel has submitted sufficient evidence in the form of multiple declarations from Mr. Darrell Harber, beginning as early as December 2015, that support the claim that his vehicle suffered $7,800 in diminished value. *See* Dkt. 47-7 at 8–9; Dkt. 73-1. Accordingly, State Farm is not entitled to summary judgment on this basis.

In its reply, State Farm argues that it is nonetheless entitled to summary judgment because Van Tassel failed to tender a claim for diminished value prior to commencing this litigation. However, this argument was not raised in State Farm's motion for summary judgment. In its motion, State Farm challenged Van Tassel's claim exclusively on the theory that Van Tassel has never provided State Farm with any evidence of diminished value damages. *See* Dkt. 60 at 7–9. While State Farm argued that "Mr. Van Tassel never presented any evidence of his alleged diminished value loss to State Farm, either before or during this litigation," *id.* at 8, this assertion was clearly intended to bolster State Farm's mistaken argument that Plaintiff cannot muster any evidence that his vehicle suffered diminished value. The entirety of State Farm's argument as it appears in its brief makes clear that this assertion was not intended to argue that Plaintiff failed to properly tender a diminished value claim according to the terms of his policy. It is undisputed that Van Tassel filed an insurance claim with State Farm under his UIM policy prior to commencing this lawsuit. It is likewise undisputed that the Van Tassel's

UIM policy includes coverage for diminished value. State Farm has failed to provide any legal authority or substantive argument on the provisions of the applicable insurance policy to support its position that Van Tassel's cause of action is barred by a failure to tender a separate claim or documentation specifically addressing the diminished value in his vehicle prior to the filing of his complaint. Accordingly, State Farm's motion to dismiss Van Tassel's claim is denied.

### 3. Aggregation of "Stigma" and "Demonstrable Physical" Damages

State Farm also argues that the Court should enter summary judgment in its favor on the basis that Plaintiffs are seeking stigma damages that are unrecoverable. However, it appears that the Washington State Supreme Court has left the door open for trial courts to explore whether stigma damages are recoverable in any particular case. *Moeller v. Farmers Ins. Co. of Washington*, 173 Wn.2d 264, 271 (2011) ("Stigma damages are generally disfavored . . . . Undoubtedly, the nature of the damages Moeller claims and how they can be proved will be explored by the trial court should this case proceed to trial."). Where a claimant can show that an accident has resulted in an actually worsened physical condition of the vehicle, it may be inappropriate to burden the claimant with the task of disaggregating the reduction in the vehicle's market value to parse out any reduction that is attributable to stigma from the vehicle's accident history rather than residual physical damage. In this case, Van Tassel has submitted sufficient evidence to overcome State Farm's summary judgment motion and establish that his vehicle has suffered a substantial reduction in market value due to a worsened post-accident physical condition. *See* Dkt. 73-1. State Farm has failed to provide any evidence showing that the

vehicle's reduction in market value resulted from stigma and not the residual physical damage after proper repairs. Similarly, State Farm has failed to satisfy its initial burden on summary judgment of providing any evidence or discussion that establishes the absence of a genuine dispute over the post-accident physical condition of Plank's vehicle.

Based on the foregoing, the Court denies State Farm's motion for summary judgment on the issue of whether Plaintiffs can recover damages for diminished market value attributable to the vehicles' post-accident stigma. Sufficient evidence shows that Plaintiffs Van Tassel and Plank's vehicles have suffered physical damage that cannot be fully restored to its pre-loss condition and State Farm has failed to offer any evidence showing that a quantifiable reduction in the vehicles' market value is the result of stigma and not the vehicles' worsened physical condition.

## IV. ORDER

Therefore, it is hereby **ORDERED** that State Farm's motion for partial summary judgment is **GRANTED in part** and Jenkins's claims are **DISMISSED**. Otherwise, the motion is **DENIED**.

Dated this 22nd day of February, 2018.

*[signature]*
BENJAMIN H. SETTLE
United States District Judge