UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TRINA JENKINS, et al.,

               Plaintiffs,

   v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

              Defendant.

CASE NO. C15-5508 BHS

ORDER DENYING PLAINTIFFS'
RENEWED MOTION FOR
RECONSIDERATION

     This matter comes before the Court on Plaintiffs' renewed motion for

reconsideration (Dkt. 86) of the Court's previous order denying class certification (Dkt.

82). In support of this renewed motion for reconsideration, Plaintiffs have provided the

Court with a transcript of Dr. Siskin's testimony before this Court in *Kleinsasser v.*

*Progress*, C17-5499. The Court does not find that this evidence undermines the

Court's previous order or warrants reconsideration. If anything, the cited testimony from

Dr. Siskin reaffirms the Court's following conclusions:

     1.     Plaintiffs cannot provide Defendant with the underlying records and data

collection forms for Dr. Siskin's study. *See* Dkt. 86-2 at 16–18 ("I don't have it. I have

moved firms two times. Data is all gone"). It should also be noted that inspection of these forms by litigants in other matters has previously resulted in the discovery of data-entry errors in Dr. Siskin's study that had to be corrected. *Id.* While those errors were corrected, this should not deprive Defendant of the opportunity to perform its own analysis and review of the underlying data.

2.      Dr. Siskin's 2011 linear regression analysis is a poor fit for the case. Dr. Siskin acknowledged in his testimony that some variables have changed since 2001 and even hypothesized that an out-of-time study would reveal how his model could be updated with newer data that would likely result in larger coefficients. Dkt. 86-2 at 40–41, 44–45.[1]

3.      The definition of improper "stigma" damage is a legal question. The Court is not required to accept Dr. Siskin's opinion that a reduction in market value due to a buyer's concerns over the probability that a post-accident vehicle may have suffered secondary damage which cannot be seen does not qualify as "stigma." Instead, this type of damage appears to fall directly into the legal definition offered in *Moeller* of "an intangible taint due to [the vehicle] having been involved in an accident." *Moeller v. Farmers Ins. Co. of Washington*, 173 Wn.2d 264, 271 (2011).[2]

---

[1] Dr. Siskin also explained "[t]he choice of doing out of time samples is a question of money, cost, time, and a decision. Money, cost, and time is not under my control. Somebody else has to make that decision." Dkt. 86-2 at 43–44.

[2] The Court notes that this does not preclude any future finding that a market value reduction resulting from "stigma" may be recoverable when it cannot feasibly be disaggregated from the market value reduction due to some tangible physical damage that cannot be restored to its pre-loss condition. This is an issue of damages that the Court need not consider on a motion for class certification.

Plaintiffs' counsel complains that the Court's analysis of Dr. Siskin's report is merely dicta. It may be appropriate for him to argue this position in other cases. However, that analysis was undertaken on a motion to exclude Dr. Siskin's testimony to discuss the limited extent to which Dr. Siskin's analysis was relevant to the motion for certification and to clarify for the parties the extent to which Dr. Siskin's testimony could be relied upon moving forward in this case.

Plaintiff's renewed motion for reconsideration is **DENIED**.

**IT IS SO ORDERED**.

Dated this 1st day of March, 2018.

BENJAMIN H. SETTLE
United States District Judge