# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| CHARLES VAN TASSEL and JEREMY PLANK, individually and as the representative or all persons similarly situated,<br><br>Plaintiffs,<br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Defendant. | CASE NO. C15-5508 BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND CASE SCHEDULE |

This matter comes before the Court on Plaintiffs Charles Van Tassel and Jeremy Plank's ("Plaintiffs") motion to amend case schedule. Dkt. 94.

On October 11, 2018, the Court set a case schedule for Plaintiffs' individual claims after the Court denied Plaintiffs' motion for class certification and the Ninth Circuit denied Plaintiffs' request for permissive appeal. Dkt. 93. On May 9, 2019, the Ninth Circuit vacated the Court's order in a different diminished value case and remanded for further consideration of class certification. *Achziger v. IDS Prop. Cas. Ins.*

*Co.*, 772 Fed. Appx. 416, 419 (9th Cir. 2019) ("*Achziger*"). On October 17, 2019, Plaintiffs filed the instant motion requesting amendment of the case schedule to allow for another motion to certify a class. Dkt. 94. On October 23, 2019, Defendant State Farm Mutual Automobile Insurance Company ("State Farm") responded. Dkt. 95. On October 25, 2019, Plaintiffs replied. Dkt. 96.

In this case, Plaintiffs provide two arguments in support of a new motion for class certification. First, Plaintiffs contend that the Court relied on its now vacated order in *Achziger* to deny Plaintiffs' motion in this case. While true, a closer evaluation of that reliance does not compel a new motion. In *Achziger*, the Court in part found that the plaintiff's claims did not predominate over individual issues because questions of fact existed whether the plaintiff's vehicle had suffered damage in a prior accident. *Achziger v. IDS Prop. Cas. Ins. Co.*, C14-5445 BHS, 2016 WL 1276048, at *5 (W.D. Wash. Apr. 1, 2016), *vacated and remanded*, 772 Fed. Appx. 416 (9th Cir. 2019). The Ninth Circuit concluded that was an abuse of discretion because "IDS conceded at oral argument [in the Ninth Circuit] that it rarely inspects individual vehicles when calculating diminished value because it uses a formula that employs commonly available information to make the calculation." *Achziger*, 772 Fed. Appx. at 418. If IDS had conceded this fact in this Court, the outcome may have been different. Regardless, Plaintiffs fail to show that State Farm calculates diminished value such that prior damage is not an individual inquiry.

Second, Plaintiffs assert that the Court granted a similar motion to allow another round of class certification briefing in a similar pending matter. Dkt. 94 at 2 (citing *Kogan v. Allstate Fire & Casualty Ins. Co.*, No. 15-cv-5559-BHS (W.D. Wash. July 25,

2019)). In that matter, however, the defendant stipulated to the new round of class certification briefing. Contrary to that situation, State Farm opposes Plaintiffs' motion. Moreover, the Court agrees with State Farm that Plaintiffs have thoroughly exhausted class certification issues with multiple motions and have failed to establish that *Achziger* compels reconsideration of those rulings. Therefore, the Court **DENIES** Plaintiffs' motion.

**IT IS SO ORDERED**.

Dated this 19th day of November, 2019.

BENJAMIN H. SETTLE
United States District Judge